CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 13 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:04-CR-0072-4 |
| | ) | |
| v. | ) | |
| | ) | |
| OTIS ANTONIO SMITH, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Otis Antonio Smith, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 826. He asks the court to reduce his current sentence of 262 months to 135 months, but not less than time served, which will result in his immediate release. The government asserts that Smith is ineligible for consideration of a reduction in his sentence, and in the alternative, that if he is eligible for consideration, a further reduction of his sentence is not warranted. In the event the court determines that Smith is entitled to a reduction in his sentence, the government argues that the sentence should not be less than the guideline range of 188-235 months followed by a 4-year term of supervised release. For the reasons set forth below, the court will **GRANT** Smith's request in part and modify his sentence to 188 months, but not less than time served, to be followed by a 4-year term of supervised release.

## BACKGROUND

On October 1, 2004, Smith entered into a plea agreement in which he pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. In exchange, the government agreed to dismiss the remaining counts. ECF No. 206. On October 18, 2004,

Smith pleaded guilty in accordance with the plea agreement. ECF Nos. 216, 217. The government had filed a notice of enhancement pursuant to 21 U.S.C. §851, but withdrew the notice pursuant to the plea agreement. ECF Nos. 187, 268.

Pursuant to 21 U.S.C. § 841(b)(1)(A) (2002), Smith faced a statutory sentencing range of 10 years to life on the conspiracy charge. According to the PSR, Smith was responsible for between 500 grams and 1.5 kilograms of cocaine base. ECF No. 827. Under the sentencing guidelines, that drug quantity resulted in a base offense level of 36. He received a 2-point increase for possessing a firearm during his drug trafficking activities and a 3-point increase for his role in the offense. He also received a 3-point decrease for acceptance of responsibility, for a subtotal offense level of 38.

However, because Smith had two prior felony drug convictions which made him a career offender, his base offense level was 37. U.S.S.G. § 4B1.1(a). When the 3-point decrease for acceptance of responsibility was applied, his subtotal offense level was 34. Nevertheless, because the subtotal offense level based on drug weight was 38, his total offense level was 38. U.S.S.G. §4B1.1(b). Coupled with a criminal history category of VI, Smith's guideline sentencing range was 360 months to life. U.S.S.G. Ch. 5, Pt. A.

On July 7, 2005, Smith was sentenced to a 360-month term of imprisonment to be followed by a 5-year term of supervised release. ECF No. 381. In 2008, Smith's sentence was reduced to 292 months as a result of Amendments 706, 711, and 715 to the sentencing guidelines. In 2011 it was reduced to 262 months as a result of Amendment 750 to the

guildelines. ECF No. 828. Smith has served 176 months and his current projected release date is June 30, 2024. Id.

Smith seeks relief under the First Step Act. He argues that because his prior felony drug convictions were dismissed, he is no longer a career offender, which results in a guideline range of 135-168 months. In the alternative, he argues that even with the career offender designation, his new guideline range is 188-235 months and he asks the court to modify his sentence to 188 months.

## I. First Step Act

At the time Smith was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2002). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose

3

a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

The government argues that even though Smith was sentenced prior to enactment of the Fair Sentencing Act of 2010, and even though his offenses carry the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act, he does not qualify for a sentence reduction. The government asserts that it is the drug weight for which a defendant is held responsible and not the drug weight for which he was convicted that determines eligibility for First Step Act relief and that Smith's drug quantity in the Presentence Investigation Report (PSR) makes him ineligible. In the alternative, the government contends that even if Smith is eligible for a modification of his sentence, the court should exercise its discretion and decline to reduce the sentence.

## II. Drug Weight

The government asserts that whether a defendant is entitled to relief under the First Step Act depends on the amount of cocaine base for which he was found responsible in the PSR, rather than the amount for which he was indicted and convicted. Because Smith was found responsible for between 500 grams and 1.5 kilograms on the conspiracy charge, which would make him subject to the 21 U.S.C. § 841(a)(1)(A) penalties, the government argues that he is not entitled to relief under the First Step Act.

Smith responds that the drug weight is an element of the offense and that any fact that increases a mandatory minimum penalty is an element that must be charged in an indictment and proved to a jury beyond a reasonable doubt, citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 570 U.S. 99 (2013). Under those two cases, if Smith were sentenced today, his sentence would be based on distributing 50 grams or more of cocaine base, and not 500 grams to 1.5 kilograms of cocaine base.

In Apprendi, the Supreme Court held that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In Alleyne, the Court applied Apprendi to the federal mandatory minimum and maximum sentencing scheme and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. Id. at 116 (overruling Harris v. United States, 536 U.S. 545 (2002)).

The government argues, correctly, that neither Apprendi nor Alleyne are retroactively applicable on collateral review. See United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (joining other circuits in finding that Apprendi does not apply retroactively to cases on collateral review); and United States v. Stewart, 540 Fed.Appx. 171 (4th Cir. 2013) (per curiam) (noting that Alleyne has not been made retroactively applicable to cases on collateral review). The government then argues that for a period of time after Apprendi was decided, including before passage of the Fair Sentencing Act in 2010, the jury ordinarily made a finding regarding

the threshold penalty, but the court could and did impose statutory-minimum penalties regardless of any jury finding. That practice was authorized by Harris, and Alleyne did not overrule Harris until three years later, and three years after the Fair Sentencing Act was enacted.

The government contends that nothing in the First Step Act suggests that Congress intended to adopt a different methodology, and that the act only directs the court to examine a sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time, and not to change the manner of determining quantity. In essence, the government is asking the court to apply the holding in Harris and disregard Alleyne when examining Smith's sentence. However, Congress, when drafting the First Step Act in 2018, surely did not intend for courts to disregard the last six years of Supreme Court federal sentencing jurisprudence and this court declines to do so.

Alleyne made clear that in order to preserve a defendant's Sixth Amendment right to a jury trial, any fact that increases the statutory mandatory minimum sentence is an element of the crime which must be submitted to the jury. Alleyne, 570 U.S. at 116. Smith pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. Under Alleyne, this court is not free to ignore that finding and impose a penalty based on the 500 grams to 1.5 kilograms of cocaine base referenced in the PSR. Thus, although Apprendi and Alleyne are not retroactively applicable on collateral review, this court joins other courts in finding that their holdings are applicable in the context of the First Step Act. See United States v. Brown, No. 07-354(1), 2019 WL 1895050 at *2 (D. Minn. April 29, 2010)

(finding that eligibility under the First Step Act is determined by looking at the statute of conviction and not the defendant's conduct); United States v. Simons, No. 07-CR-00874, 2019 WL 1760840 at * 6 (E.D.N.Y. Apr. 22, 2019) (citing Alleyne and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); United States v. Dodd, No. 3:03-CR-18-3, 2019 WL 1529516 (S.D. Iowa, Apr. 9, 2019) (finding in a First Step Act case that "[b]oth Apprendi and Alleyne are binding on this Court for sentencings held today."); United States v. Davis, No. 07-CR-245(S)(1), 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019), appeal docketed, No. 19-874 (2nd Cir. Apr. 5, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."); see also United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (relying without discussion on charged drug weight rather than PSR weight to find defendant eligible for relief).

### III. Discretion of the Court

The government argues that if the court finds Smith eligible for consideration under the First Step Act, that it should exercise its discretion to deny him relief, in light of the drug weight. It claims that if Smith had been prosecuted after passage of the Fair Sentencing Act, he would have been prosecuted for possession of at least 280 grams of cocaine base, subjecting him to the 10-years-to-life sentencing range found in 21 U.S.C. § 841(b)(1)(A).

This appears to be the approach taken by the court in United States v. Haynes, No. 8:08-CR-441, 2019 WL 1430125 (D. Neb., Mar. 29, 2019), appeal docketed, No. 19-1701 (8th

Cir. Apr. 4, 2019). There, a defendant was indicted and pleaded guilty to possession with intent to deliver 5 grams or more of cocaine base. In the plea agreement, he agreed to be held responsible for 20-35 grams of cocaine base, and the PSR said he was responsible for at least one ounce (28.35 grams) of cocaine base. Id. at *1. He sought relief under the First Step Act based on his plea of guilt to the 5 grams of cocaine base. Id. at *2. The court denied relief, finding that if the Fair Sentencing Act had been in effect at the time the defendant was indicted, the government would have charged him under 18 U.S.C. §841(b)(1)(B)(iii).

This approach was rejected by the court in Dodd, 2019 WL 1529516 at *3. There, the court found that such a speculative claim is insufficient and that many things might have been different at the time the defendant was indicted and tried. The court was unwilling to engage in "a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered." Id. See also United States v. Pierre, ___ F.Supp.3d ___, 2019 WL 1495123 (D.R.I. Apr. 5, 2019) (holding that in determining eligibility under the First Step Act, court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 and should not delve into the particulars of the record to determine how the defendant committed the offense of conviction or how the facts would have hypothetically affected the charges brought under the new statutory scheme).

This court finds the reasoning in Dodd and Pierre persuasive. While it is possible that the government would have proceeded against Smith under 18 U.S.C. §841(b)(1)(A), it also is possible that it would have decided not to do so. The government could have determined that evidence was insufficient to prove the quantity beyond a reasonable doubt, or if it did indict

him on that amount, the parties might have entered into a plea agreement involving less than 280 grams of cocaine base. The retroactive assumption suggested by the government simply is too speculative a basis on which to determine Smith's eligibility for a sentence reduction. Thus, this court declines to assume that Smith would have been charged and convicted of possessing more than 280 grams of cocaine base if the Fair Sentencing Act had been in effect at the time he was convicted.

The government further argues that a reduction in Smith's sentence would constitute an unjustified windfall to him based upon the date of his prosecution and offends the need to avoid unwarranted sentence disparities among similarly situated offenders. This argument is based on the government's previous argument that in cases brought after the passage of the Fair Sentencing Act but prior to <u>Alleyne</u>, juries were asked to make quantity determinations based on that act's new thresholds for purposes of establishing applicable statutory maximums, and courts could and did impose higher statutory minimums based on their own conclusions regarding drug quantity.

The government appears to be arguing that this court should ignore both the plain language of the First Step Act regarding who is eligible for a sentence reduction as well as the holding in <u>Alleyne</u>, because other defendants sentenced within that three-year window may have been subject to longer statutory minimum sentences. While the court is aware of the need for consistent sentences among defendants, it is not free to ignore either the law or constitutional precedent. As discussed above, this court finds that the First Step Act applies to Smith and finds that it is compelled by <u>Alleyne</u> to look only at the amount of drugs for

which Smith was indicted and found guilty when determining whether he is entitled to a sentence reduction. Accordingly, this court will not refrain from modifying Smith's sentence under the First Step Act because other defendants may have been sentenced differently.

## IV. Career Offender Guideline

Smith's designation as a career offender is based on two prior felony convictions for possessing a controlled deadly substance within 1,000 feet of school property with the intent to distribute, and distribution of a controlled deadly substance within 1,000 feet of school property. ECF No. 827 at ¶¶ 82, 90, 91, 94. Smith submitted evidence that on October 28, 2010, the charges in those cases were dismissed. ECF No. 826-1. Thus, he argues that he should no longer be considered a career offender and that his sentence should be adjusted accordingly.

The government contends that despite the documentation showing the charges were dismissed, Smith had pleaded guilty to the charges and then absconded. ECF No. 828 at 6. The government further contends that Smith remains a career offender because the First Step Act does not authorize the court to reexamine the career offender guideline or conduct a full resentencing.[1]

---

[1] The government argues that a full resentencing is foreclosed by Dillon v. United States, 560 U.S. 817, 824-26 (2010), where the Supreme Court found that full sentencing rehearings are not authorized by retroactive guideline reductions. The court does not reach this argument because it finds that there is no need to do so in this case. The court will consider the § 3553(a) factors. See United States v. Davis, 679 F.3d 190 (4th Cir. 2012) (holding that in the context of a Rule 35(b) motion, a district court can consider § 3553(a) factors). See also https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last viewed April 29, 2019) (noting in newsletter from the United States Sentencing Commission that courts will have to decide whether a resentencing under the Act is a plenary resentencing proceeding or a more limited resentencing and stating "In either instance, the Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with other 3553(a) factors, during the resentencing.")

10

The court finds it unnecessary to resolve the issue of whether Smith is still considered a career offender for purposes of modifying his sentence under the First Step Act. The parties agree that if Smith is still considered a career offender, and if the guideline range is calculated based on 50 grams of cocaine base, his statutory mandatory minimum sentence would be 10 years and his sentencing guideline range is 188-235 months.[2] If Smith is not considered a career offender, his guideline range is 135-168 months.[3] Because Smith has served approximately 176 months, modification of Smith's sentence to the bottom of either guideline range results in his immediate release when his good conduct time is factored into his sentence.

The court finds that it has authority under 18 U.S.C. § 3582(c)(1)(B) to modify Smith's sentence, taking into account the considerations set forth in 18 U.S.C. § 3553(a). Had Smith been sentenced after passage of the Fair Sentencing Act, an appropriate sentence would have been 188 months, followed by a 4-year term of supervised release. A sentence of 188 months is the bottom of the sentencing range and corresponds to the 360-month sentence which was the bottom of his original sentencing range.

The court has reviewed Smith's PSR, the addendum to the PSR, and the arguments of the parties and finds that under the current Sentencing Guidelines and the 18 U.S.C. § 3553 factors, a sentence of 188 months, but not less than time served, is warranted. The court finds that a sentence of 188 months is sufficient, but not greater than necessary, and accounts for

---

[2] The offense of conviction is now considered a violation of 21 U.S.C. § 841(b)(1)(B), which carries a maximum penalty of 40 years, making his career offender base offense level 34. Subtracting 3 levels for acceptance of responsibility results in a total offense level of 31, which with a criminal history category of VI, results in a guideline range of 188-235 months. U.S.S.G. Ch. 5, Pt. A.
[3] Without the career offender designation, Smith's total offense level is 31 and his criminal history category is III, which results in a sentencing range of 135-168 months. Id.

11

the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. Accordingly, the court **GRANTS** in part Smith's motion under the First Step Act, ECF No. 826, and reduces his sentence to 188 months, but not less than time served.

An appropriate Order and amended judgment will be entered. The order will be stayed for 10 days to give the Bureau of Prisons an opportunity to process Smith's release.

Entered: 05-13-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge